No. 91-023

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

Plaintiff and Respondent,

-vs-

MICHAEL KNIGHT,

Defendant and Appellant.

APPEAL FROM: District Court of the Thirteenth Judicial District,
In and for the County of Yellowstone,
The Honorable Robert W. Holmstrom, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Gary E. Wilcox, Attorney at Law, Billings, Montana.

For Respondent:

Marc Racicot, Attorney General, Helena, Montana;
Deanne L. Sandholm, Assistant Attorney General,
Helena, Montana; Dennis Paxinos, County Attorney,
Billings, Montana.

FILED

DEC 3 - 1991

Filed: *Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on briefs: October 24, 1991

Decided: December 3, 1991

Clerk

Chief Justice J. A. Turnage delivered the Opinion of the Court.

A jury in the District Court for the Thirteenth Judicial District, Yellowstone County, found Michael Knight guilty of deliberate homicide and attempted deliberate homicide. Knight appeals. We affirm.

The issue is whether the jury was properly instructed on the lesser included offense of mitigated deliberate homicide.

This case arose from a drug deal gone sour. In January 1990, Knight and his longtime friend Donald Brey agreed to travel from Billings, Montana, to California, with the purpose of buying cocaine for resale in Montana. Brey had the necessary "connections" in California. They purchased the cocaine and financed the trip with $7,000 Knight had received from an insurance settlement. Knight and Brey agreed that Brey would sell the approximately four ounces of cocaine they purchased and that they would divide the profits from this venture.

Following the trip to California, Knight began having trouble reaching Brey. On the occasions when he did reach Brey, Brey told him that he could not yet pay him his share of the money because the cocaine was not selling as quickly as expected.

On February 11, 1990, Knight learned that Brey had moved from Billings to Laurel, Montana, about fifteen miles away. Knight was upset that Brey had not told him he was moving. A mutual acquaintance directed Knight to the house Brey was renting in Laurel, but

2

Brey was not home. At about 10:00 p.m., Knight returned alone to Brey's house in Laurel. Brey and his cousin Cody Puckett were in the garage working on a car. Knight kicked open a side door to the garage and confronted Brey about the money. When Brey put him off, Knight drew a handgun.

Knight's trial testimony about what happened next differed from that of Puckett, who also testified at trial. Knight testified that Brey kicked his hand, causing the gun to go off in Brey's face. Puckett testified that Knight fired the gun in Brey's face. Brey died immediately. Knight further testified that he believed Puckett had a gun. He shot Puckett several times before fleeing the garage.

Knight surrendered to authorities the next day. He was charged with the deliberate homicide of Brey and the attempted deliberate homicide of Puckett, who survived wounds to his leg, chest, and shoulder. The District Court sentenced Knight to 100 years in the Montana State Prison on each count plus ten additional years on each count for the use of a dangerous weapon.

The sole issue on appeal is whether the jury was properly instructed on mitigated deliberate homicide as a lesser included offense to deliberate homicide. Settlement of instructions began prior to Knight's presentation of evidence in his defense. At that time, the State offered its proposed instruction 5A, which defined

3

both deliberate homicide and mitigated deliberate homicide. The following exchange occurred:

THE COURT: Any objections to 5A?

. . .

[KNIGHT'S ATTORNEY]: If Your Honor please, if the Court concludes a mitigated deliberate is a lesser included, I at least do have an objection as to 5A the way it is now, if you'd like to hear that now.

THE COURT: What is that?

[KNIGHT'S ATTORNEY]: Well, Your Honor, we would take the position that with respect to 45-5-103(2), that on -- and I realize that's the statute as it now exists in the state of Montana. We're taking the position that it is unconstitutional switching of the burden of proof to the defendant. That he's put in a position to --

THE COURT: Off the record.

The court refused both parties' instructions on lesser included offenses, stating that it would "pass" on instructions on that subject "until we find out what the evidence really is."

After all of the evidence was presented, the court and counsel met again to settle the remaining jury instructions. The court proposed its own instructions on deliberate homicide and mitigated deliberate homicide. When asked if there were any objections to the instructions proposed by the court, Knight's attorney replied,

As far as I'm concerned, I put any objections I have on the record yesterday, most notably the one -- I believe it was State's 15 or 15A -- concerning the burden of proof on mitigated deliberate, and I have no problems with the Court's Instructions as redone. [Emphasis added.]

4

The court's proposed instructions were given to the jury.

The State emphasizes that Knight's counsel specifically stated that he no longer had any objection to the instructions proposed by the court. Section 46-20-701(2), MCA, provides that a claim of error which was not objected to at trial may be noticed on appeal only if the claimed error affected jurisdictional or constitutional rights, was prejudicial as to the defendant's guilt or punishment, and meets one of three additional requirements. Knight has not alleged that his claim of error meets any of those three requirements.

Knight maintains that he clearly placed on the record his objection to the statutory scheme on mitigated deliberate homicide, and that this objection is retained. We conclude that, after the above exchanges during the settlement of jury instructions, any surviving objection is limited to the constitutionality of § 45-5-103(2), MCA. Therefore, the issue on appeal is limited. We will examine Knight's arguments that under Montana's statutes regarding the degrees of homicide, it is impossible for a jury to be able to consider mitigating evidence, and that the defense of mitigated deliberate homicide as it is defined in Montana's statute unconstitutionally shifts the burden of proof to the criminal defendant.

Section 45-5-102, MCA, provides that

(1) A person commits the offense of deliberate homicide if:

5

(a) he purposely or knowingly causes the death of another human being[.]

Section 45-5-103, MCA, provides that

(1) A person commits the offense of mitigated deliberate homicide when he purposely or knowingly causes the death of another human being but does so under the influence of extreme mental or emotional stress for which there is reasonable explanation or excuse. The reasonableness of such explanation or excuse shall be determined from the viewpoint of a reasonable person in the actor's situation.

(2) It is an affirmative defense that the defendant acted under the influence of extreme mental or emotional stress for which there was reasonable explanation or excuse, the reasonableness of which shall be determined from the viewpoint of a reasonable person in the actor's situation. This defense constitutes a mitigating circumstance reducing deliberate homicide to mitigated deliberate homicide and must be proved by the defendant by a preponderance of the evidence.

Knight points out that the customary method of instructing juries regarding consideration of lesser included offenses is to have the jury first consider the charged offense. If they do not find the defendant guilty beyond a reasonable doubt of the charged offense, then and only then are they to proceed to consideration of the lesser included offense. In this case, the elements of the charged offense, deliberate homicide, are 1) purposefully or knowingly, and 2) causing the death of another human being. The lesser included offense of mitigated deliberate homicide also has those two elements, plus a third element: 3) defendant acted under the influence of extreme mental or emotional distress for which there is reasonable explanation or excuse.

6

Knight is correct that this situation requires carefully drafted jury instructions. The jury must be informed that, if the defendant meets the burden of proving by a preponderance of the evidence that he acted under the influence of extreme mental or emotional distress for which there is reasonable explanation or excuse, they may find the defendant guilty of mitigated deliberate homicide <u>even though all the elements of deliberate homicide are present</u>. We conclude, however, that nothing in the statutes restricts a jury from reaching consideration of mitigated deliberate homicide.

Under Montana's statutes, mitigated deliberate homicide is a lesser included offense of deliberate homicide only if the defendant presents evidence that he acted under extreme mental or emotional stress for which there is a reasonable explanation or excuse. State v. Olivieri (1990), 244 Mont. 357, 360, 797 P.2d 937, 939. A statute requiring a defendant to prove by a preponderance of the evidence the presence of mitigating factors in support of an affirmative defense does not unconstitutionally shift the burden of proof to the defendant. Patterson v. New York (1977), 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281. The State

> is not required to prove the nonexistence of every fact which it is willing to recognize as an exculpatory or mitigating circumstance affecting the degree of culpability or the severity of the punishment. [Citations omitted.] The due process clause does not put the states to a choice between abandoning affirmative defenses "or undertaking to disprove their existence in order to

7

convict of a crime which otherwise is within its constitutional powers to sanction. . ."

State v. Sorenson (1980), 190 Mont. 155, 161-62, 619 P.2d 1185, 1189, citing Patterson.

We hold that the above statutes do not prevent a jury's consideration of mitigating evidence and that § 45-5-103(2), MCA, does not unconstitutionally shift the burden of proof to a criminal defendant.

Affirmed.

_____
                     Chief Justice

We concur:

_____

_____

_____

_____
        Justices

8

December 3, 1991

CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

GARY E. WILCOX
Attorney at Law
316 N. 33rd Street
Billings, MT 59101


Hon. MARC RACICOT, Attorney General
          , Asst. Atty. Gen.
Justice Building
215 N. Sanders
Helena, MT 59620


Dennis Paxinos
Yellowstone County Attorney
P.O. Box  35025
Billings, MT  59107




ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
   Deputy